IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                      Case No. 24-cr-10010-JWB

SIDNEY JAMAR JACKSON,

      Defendant.

**ORDER**

Defendant previously filed his Motion to Suppress, in which he contends the government obtained evidence in violation of the Fourth Amendment prohibition against warrantless searches. (Doc. 22.)  This motion has been fully briefed (Doc. 22, 26, 29) and came on for hearing on April 16, 2025.  At that hearing, the court took the motion under advisement.

According to 18 U.S.C. § 3161(h)(1)(D), the time between the filing of a pretrial motion and the hearing on that motion is excluded from calculations under the Speedy Trial Act.  After the hearing, an additional time of up to 30 days is excludable under the Speedy Trial Act if the court takes the motion under advisement.  18 U.S.C. § 3161(h)(1)(H).  *See Henderson v. United States*, 476 U.S. 321 (1986) ("in excluding time between filing and disposition on the papers, the [Senate Judiciary] Committee [did] not intend to permit circumvention of the 30-days, 'under advisement' provision"); *United States v. Mora*, 135 F.3d 1351, 1354–58 (10th Cir. 1998) (ordering remand and dismissal of a case where a motion to suppress was pending for 209 days before resolution without any continuances).  Regarding the present motion, the 30-day excludable period for speedy trial purposes ends on May 16, 2025.

However, a court can extend this excludable period upon either its own motion or the

1

motion of a party where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). See also *United States v. DeYoung*, 414 F. App'x 143, 146 (10th Cir. 2011) ("In addition to the automatic exclusions, a district court can continue the case and exclude the resulting delay from counting under the Speedy Trial Act"). Any continuance under section 3161(h)(7)(A) must include a statement of reasons as to why the ends of justice are best served by the continuance. 18 U.S.C. § 3161(h)(7)(A). *See also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

Given the nature of the novel legal questions in this case, the court finds that the ends of justice are best served by extending the statutory 30-day excludable period for another 30 days, and that this extension 1) outweighs the interest of the public and Defendant in a speedy trial and 2) is not prejudicial to Defendant. The motion currently under advisement deals with the potential application of the Fourth Amendment to complex, emerging technologies and government surveillance. Proper analysis of these weighty issues and consideration of the competing interests and arguments in the present motion requires an extra 30 days for the court to consider and draft an appropriate order. Accordingly, the time that the motion remains under advisement, up to an additional 30 days from the date of this order, shall be excluded for purposes of determining compliance with the Speedy Trial Act.

IT IS SO ORDERED. Dated this 15th day of May, 2025.

                                                       s/ John W. Broomes
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE